UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DUSTIN BOUDREAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-236-RLB** |
| **ST. CHARLES GAMING COMPANY, LLC, ET AL.** | **CONSENT** |

## ORDER

Before the Court is Defendant's Motion to Compel Independent Medical Examination and Payment of Costs Forfeited by Plaintiff's Failure to Attend IME ("Motion to Compel"). (R. Doc. 29). Also before the Court is Defendant's Motion to Extend Deadlines. (R. Doc. 28).

Both of these motions were filed on June 4, 2025. The deadline for opposing these motions has not expired. LR 7(f).

**I.      Background**

On or about November 28, 2023, Dustin Boudreaux ("Plaintiff") initiated this personal injury action in State court, naming as defendants St. Charles Gaming Company, LLC, Caesars Entertainment, Inc., Caesars Resort Collection, LLC, CEOC, LLC, Isle of Capri Casinos, LLC, and Caesars Entertainment Operating Company, LLC. (R. Doc. 1-1). Plaintiff, who was working for Gallo Mechanical, LLC as a pipe fitter at the time of the incident, alleges that while traversing a 12-foot ladder in the mechanical room to check a valve, he struck his head on a trapeze hanger that jutted out through the ladder, resulting in a fall and serious injuries to his neck and back. (R. Doc. 1-1 at 2-3). Plaintiff specifically alleges that he was recommended for a spinal fusion as a result of the injuries. (R. Doc. 1-1 at 3).

The action was removed on March 25, 2024. (R. Doc. 1). Gallo Mechanical, LLC intervened as a defendant in this action. (R. Doc. 15).

The Court current Scheduling Order provides that all non-expert discovery must be completed by May 30, 2025, Plaintiff must provide expert reports by May 30, 2025, Defendant must provide expert reports by June 30, 2025, all expert discovery must be completed by July 31, 2025, dispositive and Daubert motions must be filed by August 29, 2025, and trial will commence on March 2, 2026. (R. Doc. 27).

The record indicates that counsel for the parties agreed that Plaintiff would attend an independent medical examination ("IME") on May 8, 2025 at 1:00 pm with Dr. Neil Ferachi, and that defense counsel informed Plaintiff's counsel that if Plaintiff did not attend, Defendant would lose a $5,000 non-refundable deposit to secure the appointment time. (R. Doc. 29-6; R. Doc. 29-7). Plaintiff arrived fifteen minutes early for the IME but attempted to edit a medical consent form before signing it, resulting in a delay and the ultimate cancellation of the appointment by Dr. Ferachi. (R. Doc. 29-7). The parties held a conference on May 28, 2025, at which Plaintiff's counsel refused to reimburse Defendant the $5,000 that was forfeited in light of Dr. Ferachi's cancellation of the appointment. (R. Doc. 29-1 at 3).

Through its Motion to Compel, Defendant seeks an order compelling Plaintiff to attend another IME with another health care provider, Dr. Doug Bernard, and requiring Plaintiff to reimburse Defendant the $5,000 non-refundable deposit paid to Dr. Ferachi. (R. Doc. 29). The proposed order seeks an order requiring Plaintiff to appear for an examination with Dr. Bernard on June 30, 2025 at 9:30 a.m. at 510 Jefferson Terrace, Suite A, New Iberia, Louisiana 70560. (R. Doc. 29-2).

Through its Motion to Extend Deadlines, Defendant seeks an order extending Defendant's expert report deadline and the expert discovery deadline each by 120 days. (R. Doc. 28). Defendant represents that Plaintiff does not oppose the extensions, although Plaintiff's counsel did not provide a specific time period for the extension that was unopposed. (R. Doc. 28

at 1-2). Defendant asserts that there is good cause for these extensions given the need to obtain an IME of Plaintiff and because Plaintiff disclosed an orthopedic spine surgeon, Dr. Rubin Bashir, through supplemental responses to interrogatories on May 30, 2025. (R. Doc. 28-1 at 3-5). In the alternative to an extension, Defendant seeks an order striking all evidence of medical treatment and all of Plaintiff's experts. (R. Doc. 28-1 at 5-7).

## II.     Law and Analysis

### A.     Legal Standards

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). A

plaintiff places his or her physical or mental condition "in controversy" by pleading he or she has sustained a physical injury through the negligence of the defendant. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

Local Rule 35 requires a party moving for a physical and/or mental examination of another party to include, in addition to the requirements of Federal Rule 35(a)(2), the following information in support of the motion: "[1] Whether a personal and/or medical history will be obtained; [2] Whether a physical examination will be undertaken; [3] A description of the written, verbal-administered and/or physical tests to be performed, both invasive and non-invasive; [4] The identities of any persons administering and/or interpretating the test results, if different from the person identified in the motion; and [5] The anticipated duration of the examination." LR 35.

> **B.    Defendant's Motion to Extend Deadlines**

As an initial matter, Rule 35 examinations are subject to the Court's discovery deadlines. *See Bryant v. State Farm Mut. Auto. Ins. Co.*, No. 17-315, 2018 WL 3869981, at *1 (M.D. La. Aug. 14, 2018). In this action, the deadline to complete non-expert discovery expired on May 30, 2025, and the deadline to complete expert discovery expires on July 31, 2025. (R. Doc. 36). Accordingly, the Motion to Compel was filed after the close of non-expert discovery, but prior to the close of expert discovery.

It is unclear whether the proposed Rule 35 examination constitutes expert or non-expert discovery in this action. There is no representation that Dr. Bernard (or Dr. Ferachi for that matter) is a retained and disclosed expert. *See Boatner v. ABC Ins. Co.*, No. 11-409, 2012 WL 3155529, at *1 (M.D. La. Aug. 2, 2012) (concluding that Rule 35 examination was "expert" discovery when conducted by disclosed experts to form their expert opinions).

Defendant now seeks an extension of expert deadlines because of the delay in obtaining the foregoing IME and Plaintiff's untimely disclosure of Dr. Bashir as a treating physician and expert on May 30, 2025 in the context of a supplemental interrogatory response. (*See* R. Doc. 28-4). This supplemental response indicates that Dr. Bashir is an orthopedic surgeon who began treating Plaintiff's injuries in April of 2025. (R. Doc. 28-4 at 3). While Plaintiff should have been more diligent in making this disclosure, the Court finds this sufficient for the purposes of Rule 26(a)(2)(D). Given the timing of this disclosure, however, and the need for Plaintiff to submit to a Rule 35 physical examination (and for Defendant to prepare expert reports based on that examination), the Court finds good cause to extend the remaining expert deadlines.

It is unclear, however, whether and to what extent Plaintiff opposes an extension of the remaining expert deadlines by 120 days, which would require a continuance of the trial date. Accordingly, the Court will not resolve Defendant's Motion to Extend Deadlines at this time. Instead, the Court will provide Plaintiff the opportunity to file a response on an expedited basis indicating any opposition to 120-day extension of the remaining expert deadlines.

### C.    Defendant's Motion to Compel

Defendant seeks an order, pursuant to Rule 37, compelling Plaintiff to submit to an IME with Dr. Bernard and awarding sanctions regarding the cancellation of the parties' agreed-upon IME with Dr. Ferachi.

Rule 37 does not authorize this relief. Rule 37(a) authorizes the filing of motions to compel disclosures pursuant to Rule 26(a) and responses to discovery requests made pursuant to Rules 30, 31, 33, 34. *See* Fed. R. Civ. P. 37(a)(3). The type of discovery allowed by Rule 35—a physical or mental examination—is only enforceable through Rule 37 after the Court issues an order for examination pursuant to Rule 35. Once a Rule 35 order is issued, a party may seek sanctions pursuant to Rule 37 if the opposing party disobeys the Rule 35 order. *See* Fed. R. Civ. P. 37(b)(2)(A)-(B). Accordingly, the Court will not "compel" an examination pursuant to Rule 37.

Here, Defendant did not obtain a Rule 35 Order requiring Plaintiff to attend the medical examination at issue with Dr. Ferachi. Given that the Court never issued a Rule 35 Order requiring Plaintiff to attend a physical or mental examination, the Court finds no basis to issue any sanctions under Rule 37(b)(2) for failure to comply with the agreed-upon appointment. *See Guillory v. Pellerin*, No. 07-1683, 2009 WL 2231633, at *4 (W.D. La. July 23, 2009) (awarding Rule 37(b)(2) sanctions "in the amount of $5000.00 associated with plaintiff Guillory's failure to appear at the scheduled IME as ordered by this court."); *Susana v. NY Waterway*, 662 F. Supp. 3d 477, 493 (S.D.N.Y. 2023) ("Defendants' motion for sanctions [with respect to failure to appear at IME not ordered by the court] under Rule 37 fails for the simple reason that it does not stem from the violation of any court order."); *Puckett v. Dyer*, No. 05-0277, 2007 WL 3309843, at *1 (E.D. Cal. Nov. 6, 2007) (awarding $940 in non-refundable deposit pursuant to Rule 37(b)(2) where Plaintiff failed to appear at court-ordered IME); *but see Meisner v. Allstate Ins. Co.*, No. 10-1837, 2012 WL 353768 (E.D. La. Feb. 2, 2012) (ordering plaintiff to pay $500.00 cancellation fee where plaintiff failed to attend scheduled IME, not ordered by the court, where the plaintiff, himself a doctor, failed to notify the IME doctor of his inability to attend the appointment).

While not specifically requested by Defendant, the Court has considered whether to issue sanctions pursuant to its inherent authority. "[A]bsent a prior court order under Rule 35, any fees assessed for failure to appear at an IME would arise under the court's inherent sanctioning power." *Steward v. West*, No. 21-04056, 2023 WL 2479807, at *1 (W.D. La. Mar. 10, 2023). "A district court has the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Solutions, Inc. v. New Century Mortgage Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal citation omitted). "Such powers may be exercised only if essential to preserve the authority of the court . . . . " *Natural Gas Pipeline Co. Of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996).

Even assuming that an exercise of the Court's inherent authority to issue sanctions is appropriate under the circumstances, the Court finds it inappropriate to issue such sanctions based on the facts presented in the instant motion. The Court did not order attendance at the appointment with Dr. Ferachi, and Plaintiff did, in fact, arrive at the appointment. Notwithstanding Dr. Ferachi's requirement that an individual arrive 45 minutes prior to an appointment, Plaintiff arrived 15 minutes early and then caused delays because he attempted to edit a medical consent form before signing it. Any issues with respect to the medical consent form (including the opportunity for Plaintiff and his counsel to review it prior to the appointment) should have been addressed either in the parties' stipulation regarding the IME (or in a Rule 35 Order).[1]

Finally, the Court will also not issue a Rule 35 Order with respect to Dr. Doug Bernard based upon the instant motion and proposed order. Defendant does not identify Dr. Bernard's area of practice, much less the scope of his proposed examination. (*See* R. Doc. 29-2). The Court

---

[1] Defendant does not submit any written agreement between defense counsel and Dr. Ferachi with respect to the terms of the non-refundable deposit. Nothing in this Order shall preclude Defendant from seeking relief from Dr. Ferachi, based on any contractual obligations with respect to the non-refundable deposit, in a separate action.

7

will deny the instant motion – to the extent it seeks a Rule 35 Order with respect to Dr. Bernard – without prejudice to refile with a proposed order detailing all required information as set for in Rule 35(a)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 35.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff shall file any response to Defendant's Motion to Extend Deadlines (R. Doc. 28) within **7 days** of the date of this Order, or it will be deemed unopposed.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Independent Medical Examination and Payment of Costs Forfeited by Plaintiff's Failure to Attend IME (R. Doc. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant may file a renewed Motion for Rule 35 Order, within **7 days** of the date of this Order, with a proposed order detailing all required information as set for in Rule 35(a)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 35. The parties are encouraged to agree upon the scope of the proposed examination, including whether Plaintiff must arrive 45 minutes prior to the appointment and whether Plaintiff may review and sign medical consent forms prior to the appointment. Plaintiff shall file any opposition to the Motion for Rule 35 Order within **7 days** of the filing of such the motion, or it will be deemed unopposed.

Signed in Baton Rouge, Louisiana, on June 16, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**