UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DUSTIN BOUDREAUX                                      CIVIL ACTION

VERSUS                                                NO. 24-236-RLB

ST. CHARLES GAMING                                    CONSENT
COMPANY, LLC, ET AL.

### ORDER

Before the Court is Defendant's Motion to Extend Deadlines (R. Doc. 28) and Defendant's Motion to Compel Rule 35 Examination ("Second Motion to Compel") (R. Doc. 35). The motions are opposed. (R. Doc. 36).[1] Defendant filed a reply memorandum in support of the Motion to Extend Deadlines. (R. Doc. 38).[2]

**I.    Background**

On or about November 28, 2023, Dustin Boudreaux ("Plaintiff") initiated this personal injury action in State court, naming as defendants St. Charles Gaming Company, LLC, Caesars Entertainment, Inc., Caesars Resort Collection, LLC, CEOC, LLC, Isle of Capri Casinos, LLC, and Caesars Entertainment Operating Company, LLC. (R. Doc. 1-1). Plaintiff, who was working for Gallo Mechanical, LLC as a pipe fitter at the time of the incident, alleges that while traversing a 12-foot ladder in the mechanical room to check a valve, he struck his head on a trapeze hanger that jutted out through the ladder, resulting in a fall and serious injuries to his neck and back. (R. Doc. 1-1 at 2-3). Plaintiff specifically alleges that he was recommended for a spinal fusion as a result of the injuries. (R. Doc. 1-1 at 3).

---

[1] The Court ordered Plaintiff to file any opposition to Defendant's Motion to Extend Deadlines by June 23, 2025. (*See* R. Doc. 33). Plaintiff filed his opposition on June 25, 2025. (R. Doc. 35). Considering the procedural posture of this case, the Court finds good cause to consider the instant opposition. *See* LR 7(f).

[2] Defendant did not seek leave of court to file this reply memorandum. Considering the procedural posture of this case, the Court finds good cause to consider the instant reply memorandum. *See* LR 7(f).

The action was removed on March 25, 2024. (R. Doc. 1). Gallo Mechanical, LLC intervened as a defendant in this action. (R. Doc. 15).

The current Scheduling Order provides that all non-expert discovery must be completed by May 30, 2025, Plaintiff must provide expert reports by May 30, 2025, Defendant must provide expert reports by June 30, 2025, all expert discovery must be completed by July 31, 2025, dispositive and Daubert motions must be filed by August 29, 2025, and trial will commence on March 2, 2026. (R. Doc. 27).

The record indicates that counsel for the parties agreed that Plaintiff would attend an independent medical examination ("IME") on May 8, 2025 at 1:00 pm with Dr. Neil Ferachi, and that defense counsel informed Plaintiff's counsel that if Plaintiff did not attend, Defendant would lose a $5,000 non-refundable deposit to secure the appointment time. (R. Doc. 29-6; R. Doc. 29-7). Plaintiff arrived fifteen minutes early for the IME but attempted to edit a medical consent form before signing it, resulting in a delay and the ultimate cancellation of the appointment by Dr. Ferachi. (R. Doc. 29-7). The parties held a conference on May 28, 2025, at which Plaintiff's counsel refused to reimburse Defendant the $5,000 that was forfeited in light of Dr. Ferachi's cancellation of the appointment. (R. Doc. 29-1 at 3).

On June 4, 2025, Defendant filed a Motion to Compel Independent Medical Examination and Payment of Costs Forfeited by Plaintiff's Failure to Attend IME ("First Motion to Compel"), which sought an order compelling Plaintiff to attend another IME with another health care provider, Dr. Doug Bernard, and requiring Plaintiff to reimburse Defendant the $5,000 non-refundable deposit paid to Dr. Ferachi. (R. Doc. 29). Defendant sought an order requiring Plaintiff to appear for an examination with Dr. Bernard on June 30, 2025 at 9:30 a.m. at 510 Jefferson Terrace, Suite A, New Iberia, Louisiana 70560. (R. Doc. 29-2).

That same day, Defendant also filed its Motion to Extend Deadlines, which seeks an order extending Defendant's expert report deadline and the expert discovery deadline each by 120 days. (R. Doc. 28). Defendant asserts that there is good cause for these extensions given the need to obtain an IME of Plaintiff and because Plaintiff disclosed an orthopedic spine surgeon, Dr. Rubin Bashir, through supplemental responses to interrogatories on May 30, 2025. (R. Doc. 28-1 at 3-5). In the alternative to an extension, Defendant seeks an order striking all evidence of medical treatment and all of Plaintiff's experts. (R. Doc. 28-1 at 5-7).

On June 16, 2025, the Court denied Defendant's First Motion to Compel, including Defendant's request for $5,000 in sanctions, and provided Defendant with an opportunity to seek a Rule 35 Order by submitting a proposed order detailing all required information as set for in Rule 35(a)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 35. (R. Doc. 33). The Court specifically encouraged the parties "to agree upon the scope of the proposed examination, including whether Plaintiff must arrive 45 minutes prior to the appointment and whether Plaintiff may review and sign medical consent forms prior to the appointment." (R. Doc. 33 at 8). The Court also provided Plaintiff with the opportunity to oppose the Motion to Extend Deadlines. (R. Doc. 33 at 8).

On June 17, 2025, Defendant filed the instant Second Motion to Compel. (R. Doc. 35). Defendant now seeks an order compelling Plaintiff to attend a Rule 35 examination by Dr. Bernard, an orthopedic surgeon, at his office located at 510 Jefferson Terrace, Suite A, New Iberia, Louisiana 70560 on July 15, 2025, at 1:30 p.m., or at the next available appointment should the July 15, 2025 appointment be unavailable at the time this Motion is decided. (R. Doc. 35-1 at 6-8).[3] Among other things, Defendant represents that at the physical examination, Dr.

---

[3] The record indicates that the July 15 appointment has become unavailable, and that the parties have confirmed that the examination with Dr. Bernard is scheduled to take place on July 22, 2025 at 1:30 p.m. (R. Doc. 36-2)

3

Bernard will obtain a personal and medical history from Plaintiff, will perform an examination of Plaintiff's physical condition to include his cervical and lumbar spine and other areas of his body Plaintiff claims was injured in the subject accident, and that the examination will last approximately 1.5 hours. (R. Doc. 35-1 at 7).

On June 25, 2025, Plaintiff filed a response addressing both Defendant's Motion to Extend Deadlines and Defendant's Second Motion to Compel. (R. Doc. 36). Plaintiff does not object to attending the July 22, 2025 physical examination with Dr. Bernard or providing Dr. Bernard with 30 days from the examination to provide a report. Plaintiff opposes any extension of expert deadlines to provide Defendant the opportunity to complete any other reports, as well as Defendant's alternative request for an order striking Plaintiff's experts. (R. Doc. 36 at 1-2). Finally, Plaintiff opposes any renewed request for sanctions with respect to the May 8, 2024 examination appointment with Dr. Ferachi. (R. Doc. 36 at 2-4).

On June 30, 2025, Defendant filed a reply memorandum in support of its Motion to Extend Deadlines. (R. Doc. 38). Defendant argues that there is good cause for the full extension sought because Defendant's other experts are dependent on the Rule 35 examination report, and the delays were caused by Plaintiff's failure to comply with Dr. Ferachi's requirements.

**II.     Law and Analysis**

    **A.     Defendant's Motion to Compel Rule 35 Examination (R. Doc 35)**

Rule 35 provides that the "court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). Such an order may be issued "only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the

4

examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). A plaintiff places his or her physical or mental condition "in controversy" by pleading he or she has sustained a physical injury through the negligence of the defendant. *See Schlagenhauf v. Holder*, 379 U.S. 104, 119 (1964). "The decision as to whether or not to order an independent medical examination under Rule 35(a) rests in the court's sound discretion." *Glaze v Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, *1 (E.D. La. Oct. 21, 1993). Furthermore, "[a]lthough Rule 35 examinations may be ordered 'only on motion for good cause shown,' and use of the rule to compel such examinations is not unfettered, Rule 35(a) generally has been construed liberally in favor of granting discovery." *Grossie v. Fla. Marine Transporters, Inc.*, No. 04-0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006).

Local Rule 35 requires a party moving for a physical and/or mental examination of another party to include, in addition to the requirements of Federal Rule 35(a)(2), the following information in support of the motion: "[1] Whether a personal and/or medical history will be obtained; [2] Whether a physical examination will be undertaken; [3] A description of the written, verbal-administered and/or physical tests to be performed, both invasive and non-invasive; [4] The identities of any persons administering and/or interpretating the test results, if different from the person identified in the motion; and [5] The anticipated duration of the examination." LR 35.

Having reviewed the instant motion and proposed order, the Court finds good cause to require Plaintiff to submit to a physical examination with Rule 35 examination by Dr. Bernard, an orthopedic surgeon, at his office located at 510 Jefferson Terrace, Suite A, New Iberia, Louisiana 70560 on July 22, 2025 at 1:30 p.m. (or on a date and time as otherwise agreed by the parties). Plaintiff does not oppose this relief. To the extent Defendant is seeking reconsideration

of the Court's previous order denying an award of sanctions with respect to the cancellation of the parties' agreed-upon IME with Dr. Ferachi, such relief is denied as previously ordered. (*See* R. Doc. 33 at 5-8).

## B. Defendant's Motion to Extend Deadlines (R. Doc. 28)

Rule 16(b)(4) of the Federal Rules of Civil Procedure allows for the modification of a scheduling order deadline upon a showing of good cause and with the judge's consent. The Fifth Circuit has explained that a party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon Fin. Ins. Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)). In determining whether the movant has established "good cause" for an extension of deadlines, the Court considers four factors: (1) the party's explanation for the requested extension; (2) the importance of the requested extension; (3) the potential prejudice in granting the extension; and (4) the availability of a continuance to cure such prejudice. *See Leza v. City of Laredo*, 496 Fed. App'x 375, 377 (5th Cir. 2012) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)).

Rule 35 examinations are subject to the Court's discovery deadlines. *See Bryant v. State Farm Mut. Auto. Ins. Co.*, No. 17-315, 2018 WL 3869981, at *1 (M.D. La. Aug. 14, 2018). There is no dispute that Dr. Bernard is a retained and disclosed expert. *See Boatner v. ABC Ins. Co.*, No. 11-409, 2012 WL 3155529, at *1 (M.D. La. Aug. 2, 2012) (concluding that Rule 35 examination was "expert" discovery when conducted by disclosed experts to form their expert opinions).

While the instant Rule 35 motion was timely filed prior to the expert discovery deadline of July 31, 2025, it was not filed prior to Defendant's expert report deadline of June 30, 2025.

6

Defendant asserts that an extensions of the expert deadlines by 120 days is merited given that (1) Dr. Bernard needs approximately 30 days to prepare his report after the proposed July 22 physical examination, (2) Defendant's vocational expert will need an additional 30 days to complete a report after the receipt of Dr. Bernard's report, and (3) Defendant's economic expert would need yet another 30 days to complete a report after the receipt of the vocational expert's report. (R. Doc. 38 at 2-30). In short, this proposed timeline for Defendant's expert reports would require an additional 90 days from the July 22 physical examination for Defendant to provide all expert reports (*i.e.*, October 22, 2025), and an additional 30 days for the parties to complete all expert depositions (*i.e.*, November 22, 2025).

These proposed extensions have no basis in the Scheduling Order, as originally issued or as amended. The current Scheduling Order set the deadline for Defendant to provide expert reports by June 30, 2025, and for all expert discovery to be completed by July 31, 2025. (R. Doc. 27). Indeed, even if Dr. Ferachi had completed Plaintiff's physical examination on May 8, 2025, Defendant would not have met the Court's deadlines based on the proposed timing for its expert reports.[4]

That said, the Court has already found good cause for an extension of the expert deadlines, to some extent, given the late disclosure of Dr. Bashir and the need to complete the physical examination and provide a corresponding report. (*See* R. Doc. 33 at 4-5). The Court is also aware that while Defendant should have been more diligent in completing expert discovery, its vocational expert and economist expert will require some time to review the findings in Dr. Bashir's report.

---

[4] Under Defendant's timeline, Dr. Ferachi would have required 30 days from the May 8, 2025 examination to provide a report (June 8, 2025), Defendant's vocational expert would require an additional 30 days to provide a report (July 8, 2025), and Defendant's economist expert would require yet another 30 days to provide a report (August 8, 2025).

7

Having considered the arguments of the parties, the Court finds good cause to extend Defendant's expert report deadline by **60 days** after the scheduled physical examination with Dr. Bernard on July 22, 2025. In finding good cause, the Court highlights the importance of the extension to ensure that Defendant has the opportunity to complete all expert reports notwithstanding the delays caused by the cancellation of the physical examination with Dr. Ferachi. This extension will provide Defendant sufficient opportunity to coordinate the completion of all outstanding expert reports. Plaintiff will not be unduly prejudiced, and will have the opportunity to provide rebuttal reports within the time allowed pursuant to Rule 26(a)(2)(D)(ii). Furthermore, the Court will also provide a corresponding continuance of the remaining deadlines and trial date.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Compel Rule 35 Examination (R. Doc. 35) is **GRANTED** as provided below. Plaintiff shall attend a Rule 35 examination with Dr. Douglas Bernard on **July 22, 2025** at **1:30 p.m.** (or at another time and date agreed upon by the parties) at 510 Jefferson Terrace, Suite A New Iberia, LA 70560. Plaintiff must arrive 45 minutes prior to the appointment. Failure to attend the physical examination may subject Plaintiff to sanctions pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Dr. Bernard will obtain a personal and medical history from Plaintiff and will also inquire about the subject accident. Dr. Bernard will perform a physical examination of Plaintiff which will include an examination of Plaintiff's spine. This physical examination will include typical physical tests administered by orthopedic surgeons when examining patients with spine injuries. The scope of the examination will be limited to

Plaintiff's physical condition to include his cervical and lumbar spine and any other areas of his body Plaintiff claims was injured in the subject accident. The anticipated duration of the Rule 35 examination will be approximately one and a half hours. Dr. Bernard will then render a copy of his report regarding the Rule 35 examination of Plaintiff to all parties in accordance with Rule 35(b).

**IT IS FURTHER ORDERED** that Defendant's Motion to Extend Deadlines (R. Doc. 28) is **GRANTED IN PART** as provided below. In accordance with Federal Rule of Civil Procedure 16(b), the following deadlines are established:

1. The deadline to join other parties or to amend the pleadings is **Expired.**

2. Discovery must be completed as follows:

    a. Exchanging initial disclosures required by F.R.C.P. 26(a)(1): **Completed.**

    b. **Filing** all discovery motions and **completing** all discovery except experts: **Completed.**

    **NOTE:** Any motions filed regarding discovery must be accompanied by a certificate of counsel for the moving party, stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice.

    c. Disclosure of identities and resumés of experts:

        **Plaintiff(s):**     **Completed.**

        **Defendant(s):**     **Completed.**

    d. Expert reports must be submitted to opposing parties as follows:

        **Plaintiff(s):**     **Completed.**

        **Defendant(s):**     **September 22, 2025.**[5]

    e. Discovery from experts must be completed by **October 22, 2025.**

---

[5] **Defendant shall coordinate the timing of its expert reports to ensure that all expert reports are submitted to Plaintiff by September 22, 2025.**

9

3. Deadline to file dispositive motions and Daubert motions: **November 24, 2025.**

4. Deadline to file pre-trial order: **March 20, 2026.**

5. Deadline to file motions in limine: **April 24, 2026.**

6. Deadline to file an affidavit of settlement efforts: **May 15, 2026.**

7. Pre-trial conference date: **April 9, 2026 at 2:30 p.m.** in chambers before the Honorable Richard L. Bourgeois, Jr.

8. Deadline to submit joint jury instructions, voir dire and verdict forms to the presiding judge: **May 29, 2026.**

9. A **7-day jury trial** is scheduled for **9:00 a.m. beginning on June 22, 2026 in Courtroom 6.**

Signed in Baton Rouge, Louisiana, on July 15, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**